Opinion issued August 15, 2002 















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00908-CR






GREGORIO GORDON DIAZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 98CR1308






O P I N I O N

 Appellant, Gregorio Gordon Diaz, pleaded guilty to sexual assault of a child,
and the trial court, in accordance with a plea agreement with the State, assessed
punishment at nine years deferred adjudication probation. Five months later, the
State moved to revoke appellant's deferred adjudication probation. Appellant
pleaded "not true" to the allegations of the motion. Following a hearing on the
State's motion to revoke, the trial court found that appellant had violated the terms
of his deferred adjudication probation, adjudicated him guilty, and assessed his
punishment at five years confinement.

 In his sole issue on appeal, appellant contends the trial court erred at the
hearing on the motion to adjudicate by refusing to allow him to present a closing
argument before adjudicating him guilty. The State argues that appellant waived his
complaint about the trial court's failure to entertain his closing argument in mitigation
of punishment. We agree.

 At the conclusion of the testimony at hearing on the motion to revoke
community supervision, the following exchange took place:

 [Defense Counsel]: Nothing further.

 [Prosecutor]: Nothing further.

 [The Court]: Thank you. I find allegation 4, 31, 36 true, and I am
revoking Mr. Diaz's probation and adjudication his guilt for indecency
with a child and setting his sentence at five years in the penitentiary with
credit for time served: We can do the judgment sometime next week.


 The Court of Criminal Appeals has held that the failure to object, either at trial
or by motion for new trial, to the trial court's denial of a separate punishment hearing
after an adjudication of guilt, precluded appellate review of the issue. See Vidaurri
v. State, 880 S.W.2d 880, 886 (Tex. Crim. App. 2001). Similarly, we conclude that
by not objecting to the lack of an opportunity to present a closing argument, appellant
has waived the issue on appeal. See Foster v. State, No. 01-01-00637-CR, slip op.
at 4 (Tex. App.--Houston [1st Dist.] June 6, 2002, n.p.h.) (holding failure to object
to lack of opportunity to present closing argument at adjudication hearing waived
issue on appeal).

 We overrule appellant's sole issue.

 We affirm the judgment.


 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justices Schneider and Justices Nuchia and Radack.


Do not publish. Tex. R. App. P. 47.